USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KESTON J. MAYERS, <br><br>                 Plaintiff, <br><br> -against- <br><br> BRAD RACINO, SYRACUSE.COM, NYUP.COM, NY CANNABIS INSIDER, ADVANCE MEDIA NEW YORK, and ADVANCE LOCAL MEDIA, <br><br>                 Defendants. | 23-cv-5183 (MKV) <br><br> **OPINION AND ORDER GRANTING MOTION TO DISMISS** |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Keston Mayers, appearing *pro se*, brings this action against reporter, Defendant Brad Racino ("Defendant Racino") and Defendants Syracuse.com ("Syracuse"), NYup.com ("NYup"), *NY Cannabis Insider*, Advance Media New York ("Advance Media"), and Advance Local Media ("Advance Local") (collectively, the "Press Defendants"), alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and various state law claims, including libel and breach of privacy rights. Defendants now move to dismiss Plaintiff's Second Amended Complaint in its entirety. For the reasons below, the motion to dismiss is GRANTED.

## BACKGROUND[1]

This action arises from a news article written by reporter, Defendant Brad Racino ("Defendant Racino") and published by Defendants Syracuse.com, NYup.com, and *NY Cannabis Insider* (collectively, the "Press Defendants"), which reported on Plaintiff's difficulties navigating New York State's criminal justice system in an attempt to obtain the expungement of a criminal

---

[1] The facts are taken from the Amended Complaint ("Am. Compl." or "the Complaint"), and for purposes of this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

charge from his record so that he could qualify for a conditional retail license to sell marijuana as authorized by recently enacted legislation known as the Marijuana Regulation and Taxation Act ("MRTA"). Compl. at 6–7, 10.

In or around May 2022, Plaintiff's then-attorney (who was representing him in his petition for vacatur of his prior cannabis conviction under the MRTA) first connected Plaintiff with Defendant Racino. Compl. at 10, ¶ 17. Under his attorney's "counsel and instructions," Plaintiff agreed to an interview with Defendant Racino. Compl. at 10, ¶ 17. Plaintiff alleges that, at that time, he was under the "distinct impression" that he was "being afforded a platform to vocalize [his] ongoing legal endeavor to vacate [his] record." Compl. at 10, ¶ 17. Plaintiff further alleges it was mutually understood that the article was supposed to center around "vacaturs" under the MRTA. Compl. at 10–11, ¶ 18, 20.

The interview took place shortly thereafter on May 18, 2022, spanning a period of approximately 1.5 hours, in which Plaintiff asserts that he "endeavored to convey a full spectrum of [his] experiences." Compl. at 11, ¶ 20. Plaintiff concedes that "it was obvious that not every detail [he] provided during the 1.5-hours interview would find its way into the article." Compl. at 11, ¶ 20. A few weeks after the interview took place, Plaintiff emailed Defendant Racino to request that he be able to "review and approve the finalized version of the article before it was published." Compl. at 12, ¶ 21. Defendant Racino replied to Plaintiff by text message stating, "I can't share the whole story with you – it's an ethics thing[.]" Compl. at 12, ¶ 22. Defendant Racino, did, however, allegedly inform Plaintiff that he would be permitted to review "select sections" of the article. Compl. at 12, ¶ 23. Plaintiff alleges that no drafts were ever provided to him to review. Compl. at 12, ¶ 23.

On June 22, 2022, the article titled " 'It's torture': In wake of NY's marijuana legalization, ex-offenders fight to clear their names," was published by Defendant Racino on the websites of

Defendants Syracuse and NYup, owned by Defendants Advance Media and Advance Local. Compl. at 12, ¶ 24. Plaintiff alleges that the article was published "without [his] review, written permission, or explicit consent." Compl. at 12, ¶ 24. First, Plaintiff alleges that the article—which was supposed to be about vacaturs in light of New York's cannabis legalization—instead focused on details of his prior arrest and personal, private health information. Compl. at 13, ¶ 26. In addition, the published article included two photographs of Plaintiff with his mother, which Plaintiff captured on his camera using a tripod. *See* Compl. at 13, ¶ 26–29; Compl., at Ex. A (the "Article"). Plaintiff asserts that he never provided "written consent" for the photographs to be used in the Article. *See* Compl. at 13, ¶ 26.

The very morning that the Article was published, Plaintiff reached out to Defendant Racino asking him to remove the Article from the websites due to its purported defamatory content. Compl. at 16, ¶ 35. The next day, Plaintiff sent an additional communication to Defendant Racino "highlighting the problematic content" in the Article and seeking that Racino either remove the allegedly defamatory sections or retract the article in its entirety. Compl. at 16, ¶ 36. Defendant Racino promptly responded, acknowledging receipt of Plaintiff's correspondence, and agreeing to rectify "one of the several objectionable statements [Plaintiff] had outlined." Compl. at 16, ¶ 37. Notwithstanding, Plaintiff alleges that Defendant Racino failed to "genuinely rectify the issue." Compl. at 16, ¶ 37.

Unsatisfied with Defendant Racino's response, later that evening, Plaintiff sent an email to the Vice President of Content for Defendant Advance Local, Trish Lamonte, detailing his concerns regarding the allegedly defamatory content and again requesting that the Article be removed from the websites. Compl. at 16, ¶ 38. Lamonte did not respond to Plaintiff's request. Compl. at 16, ¶ 38. Plaintiff alleges that after three days of "relentlessly requesting" the Article's removal or amendment to no avail, he issued a formal "cease-and-desist" to Defendant Racino, Lamonte, and

President of Advance Media New York, Tim Kennedy.  Compl. at 17, ¶ 39.  Plaintiff states that his cease-and-desist letter was "directly responded to with an explicit and outright rejection of [his] Demands."  Compl. at 17, ¶ 39.

Approximately one year later, Plaintiff commenced this action by filing a complaint, and quickly thereafter, an Amended Complaint.  [ECF No. 1]; [ECF No. 6].  The Amended Complaint alleged that the Article's publication of the photographs violated the Copyright Act, and also included New York state law claims for libel and breach of privacy.  [ECF No. 6].  In a pre-motion conference letter regarding their anticipated motion to dismiss the Amended Complaint.  [ECF No. 18], Defendants advised the Court that they would argue that the copyright infringement claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to plead registration of a valid copyright in the photographs.  [ECF No. 18].  The Court granted Defendants leave to file its motion but allowed Plaintiff a final opportunity to amend the complaint in response to the arguments raised in Defendant's pre-motion letter.  [ECF No. 23 ("Order")].

Subsequent to the Court's Order and presumably after reading Defendants' pre-motion letter, Plaintiff obtained a Copyright Registration Certificate from the United States Copyright Office for the two photographs included in the June 2022 Article.  *See* Declaration of Keston Mayers [ECF No. 35] ("Mayers Decl."), Exhibit H (the "Registration").[2]  Thereafter, Plaintiff filed a Second Amended Complaint, realleging the same claims and allegations, but this time, pleading a valid copyright registration in the photographs at issue.  [ECF No. 25] (the "Complaint") at ¶ 27.

Defendants now move to dismiss the Second Amended Complaint in its entirety pursuant to Rule 12(b)(6).  *See* Motion to Dismiss [ECF No. 27]; Memorandum of Law [ECF No. 29] ("Def.

---

[2] A district court may properly consider public records that may be judicially noticed in ruling on motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Williams v. New York City Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

4

Mem."); Declaration of Michael J. Grygiel [ECF No. 28] ("Grygiel Decl."). Plaintiff opposes the motion. *See* Memorandum of Law in Opposition to Motion to Dismiss [ECF No. 34] ("Pl. Opp."); Declaration of Keston Mayers [ECF No. 35] ("Mayers Decl."). Defendants filed a Reply. *See* Reply Memorandum of Law [ECF No. 38] ("Def. Reply").

Although the Court granted Plaintiff leave to file *a* Sur-Reply, *see* [ECF No. 42], Plaintiff instead filed *two* separate Sur-Replies covering different points and an additional purported "Affirmation in Support" of his Sur-Replies, independently totaling 100 pages. *See* Plaintiff's Sur-Reply in Opposition to Motion to Dismiss [ECF No. 52] ("First Sur-Reply"); Plaintiff's Memorandum of Law in Support of Sur-Reply in Opposition to Motion to Dismiss [ECF No. 53] ("Second Sur-Reply"); Affirmation in Support of Sur-Reply [ECF No. 51] ("Sur-Reply Affirmation"). Despite Plaintiff's contravention of the Court's orders, because Plaintiff is *pro se*, the Court considers Plaintiff's various Sur-Reply documents in ruling on the motion *subject to the Federal Rules of Evidence*.

**LEGAL STANDARD**

The Court is obliged to construe a *pro se* complaint liberally and interpret it to raise the "strongest arguments that it *suggests*." *Costabile v. New York City Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020). But the "special solicitude" afforded in *pro se* cases has its limits. *Shomo v. State of New York*, 374 F. App'x 180, 183 (2d Cir. 2010). To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Id.*

The Supreme Court has held that a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw

the inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. at 678–79.  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the plaintiff is entitled to relief. *Id.*

Additionally, in considering a motion to dismiss pursuant to Rule 12(b)(6), the Court "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).  A district court may also properly consider public records that may be judicially noticed in ruling on motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Williams*, 816 F. App'x at 534.

## **DISCUSSION**

### I. Copyright Infringement Claim

Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) ("Section 411"). Defendants assert that Plaintiff failed to plead—in either his initial Complaint or his First Amended Complaint—the pre-suit registration necessary to bring a claim under the Copyright Act, and thus, Plaintiff's copyright infringement claim is statutorily barred. Def. Mem. at 6–9.  Plaintiff concedes that he did not register the photographs until almost four months after initiating this lawsuit, but argues that a failure to initially allege registration can be remedied through subsequent registration and the filing of an amended complaint, which he has done here.  Pl. Opp. at 9. Accordingly, the question before the Court is whether a plaintiff who improperly filed suit

6

before a copyright was registered can cure that defect by subsequently registering the copyright and thereafter amending his complaint.

In *Fourth Estate Public Benefit Corporation v. Wall-Street.com LLC, et al.*, the Supreme Court held that although an owner's rights exist apart from registration, "registration is akin to an administrative exhaustion requirement that the owner *must* satisfy *before* suing to enforce ownership rights."  586 U.S. 296, 139 S.Ct. 881, 888 (emphasis added).  In the wake of *Fourth Estate*, courts in this Circuit have repeatedly held that a copyright claim will be dismissed where the allegedly infringed work was not registered *at the time the complaint was filed. See, e.g.*, *Pyatt v. Raymond*, 462 F. App'x 22 (2d Cir. 2012) (upholding dismissal of claims regarding works registered subsequent to the filing of the complaint, relying on § 411(a)'s requirement that works be registered *before* suing for infringement) (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010)); *see also BWP Media USA, Inc. v. Gossip Cop Media*, LLC, 87 F. Supp. 3d 499, 503 (S.D.N.Y. 2015) ("Although registration is not required to obtain copyright protection, . . . it is a prerequisite to bringing an infringement action in federal court."); *Architectural Body Rsch. Found. v. Reversible Destiny Found.*, 335 F. Supp. 3d 621, 643 (S.D.N.Y. 2018) (collecting cases supporting the principle that a plaintiff must "either hold a valid copyright registration outright or have applied and been refused a registration *prior* to filing a civil claim") (emphasis in original) (citations omitted); *Gattoni v. Tibi*, LLC, 254 F. Supp. 3d 659, 662 (S.D.N.Y. 2017) (same).

Because Plaintiff concedes that he did not "apply for registration and/or receive the Copyright Office's decision on [his] application *before* instituting suit," *see Fourth Estate*, 586 U.S. 296, 139 S.Ct. 881, 891, his copyright infringement claim must be dismissed *with* prejudice. *See Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 273 n.4 (2d Cir. 2021) (recognizing that in-Circuit district courts have found "that a suit filed pre-registration is fatally flawed and *cannot be*

*cured* by a subsequent registration and amendment of the complaint"); *see also Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *1 (S.D.N.Y. Apr. 2, 2019) ("The Court holds that such a prematurely filed suit must be dismissed notwithstanding a plaintiff's post-registration amendment."); *Small Business Bodyguard, Inc. v. House of Moxie, Inc.*, No. 14-CV-7170 (CM), 2014 WL 5585339, at *4 (S.D.N.Y. Oct. 30, 2014) ("Without a valid registration *by the date the lawsuit is commenced*, a party lacks standing to sue for copyright infringement.") (emphasis added); *Lopez v. Fashion Nova, Inc.*, 2021 U.S. Dist. LEXIS 26581, at *3 (S.D.N.Y. Feb. 11, 2021) (dismissing plaintiff's copyright claims "*with prejudice* because any amendment would not cure the failure to register the copyright before instituting suit") (emphasis added); *Iantosca v. Elie Tahari, Ltd.*, No. 19-CV-04527 (MKV), 2020 WL 5603538, at *3 (S.D.N.Y. Sept. 18, 2020) ("The failure to register the copyright *in advance of filing* suit cannot be cured through amendment and thus warrants dismissal of the case.") (emphasis added).

## II. Remaining State Law Claims

Plaintiff also asserts New York state law claims for libel and breach of privacy. *See* Compl. ¶¶ 44–71, 72–89. Because, for the reasons outlined above, Plaintiff's federal law claim is dismissed, the Court declines to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3); *see also Britton v. Bronx Parent Hous. Network*, Inc., No. 21-CV-7079 (JPO), 2022 WL 4332735, at*4 (S.D.N.Y. Sept. 19, 2022). Plaintiff's claims for libel and breach of privacy are therefore dismissed *without* prejudice to renewal in state court.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is GRANTED.  Defendants' motion for oral argument on the motion is DENIED.  The Clerk of Court is respectfully requested to terminate docket entries 27 and 30 and close this case.

**SO ORDERED.**

**Date:  August 7, 2024**                                    _____
         **New York, NY**                                           **MARY KAY VYSKOCIL**
                                                                    **United States District Judge**